# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ALEXANDER OCASIO,

    Plaintiff,

vs.

HOWARD SKOLNIK, *et al.*,

    Defendants.

3:09-cv-00175-LRH-RAM

ORDER

Plaintiff, an inmate at Ely State Prison, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 22, 2009, this court entered an order dismissing this action without prejudice to petitioner's right to file an appropriate habeas corpus raising the claims plaintiff raises in this action. The order provided in part as follows:

> This court has screened plaintiff's civil rights complaint pursuant to 28 U.S.C. §1915A. Plaintiff brings this action against the following individuals: Howard Skolnik, Director of the Nevada Department of Corrections; Don Helling, Deputy Director of the Nevada Department of Corrections, and E. K. McDaniel, Warden of Ely State Prison.
> 
> Plaintiff alleges that defendants refuse to apply the mandatory extra good time credits provided by NRS 209.4465 to plaintiff's time of imprisonment from July 28, 2004, to the end of June 2007. Plaintiff seeks an order from this court directing defendant Skolnik to apply these good time credits equaling twenty days per month against plaintiff's sentence.
> 
> When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). In this case, plaintiff presents a claim which, if successful, would invalidate the duration of his confinement. Accordingly, the court finds that this civil rights action is barred.

(Docket #4.)

On July 2, 2009, plaintiff filed a motion for reconsideration of the court's order dismissing his case. (Docket #6.) The court has carefully reviewed plaintiff's motion and finds no basis for reconsideration in light of the analysis set forth above.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration is **DENIED**. (Docket #6.)

Dated this 17th day of March, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE